IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BRUCE VAN ALSTYNE, § <br> Plaintiff § <br> § <br> vs. § <br> § <br> ASSET ACCEPTANCE, LLC, § <br> Defendant § | CIVIL ACTION NO. CV 11-4601 <br><br> Jury Trial Demanded |

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

### NATURE OF ACTION

1.  This is an action for damages brought by Plaintiff, BRUCE VAN ALSTYNE ("Plaintiff"), an individual, for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA"), the Texas Debt Collection Practices Act, Texas Finance Code, Chapter 392 (hereinafter "TDCPA"), the Texas Business and Commerce Code, Subchapter E, Chapter 17, (hereinafter "DTPA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2.  Plaintiff seeks to recover monetary damages for Defendant's violation of the FDCPA, the TDCPA, DTPA, and TCPA and to have an Order or injunction

issued by this Court preventing Defendant from persisting in its violative behaviors.

3. Service may be made upon Defendant in any other district in which it may be found pursuant to 29 U.S.C. §1132(e)(2).

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 28 U.S.C. § 1367(a) and 28 U.S.C. § 1337.

5. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

## PARTIES

6. Plaintiff, BRUCE VAN ALSTYNE ("Plaintiff"), is a natural person residing in the State of Texas, County of Brazos.

7. Plaintiff is a consumer as defined by the FDCPA, 15 U.S.C. § 1692a(3) and the Texas Business and Commerce Code section §17.50(a)(1) and Texas Finance Code §392.001(1).

8. Defendant, ASSET ACCEPTANCE, LLC ("Defendant") is an entity which at all relevant times was engaged, by use of the mails and telephone, in the

business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5) and by Tex. Fin. Code Ann. § 392.001(6).

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and by Tex. Fin. Code Ann. § 392.001(2).

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

11. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes and Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

12. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

13. Within one (1) year preceding the date of this Complaint, Defendant made and/or placed a telephone call to Plaintiff's cellular telephone number, in

effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

14. Within one (1) year preceding the date of this Complaint, Defendant willfully and knowingly utilized an automatic telephone dialing system to make and/or place a telephone call to Plaintiff's cellular telephone number, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

15. In connection with collection of an alleged debt in default, Defendant called Plaintiff's cellular telephone on June 22, 2011 at 5:19 P.M., and at such time, terminated the call when Plaintiff answered, and as such, Defendant failed to disclose Defendant's true corporate or business name to Plaintiff.

16. In its call of June 22, 2011, Defendant further failed to notify Plaintiff that the communication was from a debt collector.

17. Defendant called Plaintiff's cellular telephone on June 27, 2011 at 5:20 P.M., and at such time, terminated the call when Plaintiff answered, and as such, Defendant failed to disclose Defendant's true corporate or business name to Plaintiff.

18. In its call of June 27, 2011, Defendant further failed to notify Plaintiff that the communication was from a debt collector.

19. Defendant called Plaintiff's cellular telephone on June 29, 2011 at 10:51 A.M., and at such time, terminated the call when Plaintiff answered, and as such, Defendant failed to disclose Defendant's true corporate or business name to Plaintiff.

20. In its call of June 29, 2011, Defendant further failed to notify Plaintiff that the communication was from a debt collector.

21. Defendant called Plaintiff's cellular telephone on July 5, 2011 at 5:49 P.M., and at such time, terminated the call when Plaintiff answered, and as such, Defendant failed to disclose Defendant's true corporate or business name to Plaintiff.

22. In its call of July 5, 2011, Defendant further failed to notify Plaintiff that the communication was from a debt collector.

23. Plaintiff sent Defendant written correspondence dated July 5, 2011 via certified mail in which Plaintiff demanded Defendant cease and desist all collection contacts with Plaintiff.

24. Defendant received Plaintiff's demand to cease collection contacts on July 11, 2011 at 7:39 A.M.

25. Despite receipt of Plaintiff's demand to cease collection contacts, Defendant placed a non-emergency call to Plaintiff's cellular telephone on July 11, 2011 at 5:45 P.M., and at such time, terminated the call when Plaintiff answered.

26. In its call of July 11, 2011, Defendant failed to disclose Defendant's true corporate or business name to Plaintiff.

27. In its call of July 11, 2011, Defendant further failed to notify Plaintiff that the communication was from a debt collector.

28. Despite receipt of Plaintiff's demand to cease collection contacts, Defendant placed a non-emergency call to Plaintiff's cellular telephone on July 13, 2011 at 5:25 P.M., and at such time, a pre-recorded voice began a message and the call terminated.

29. In its call of July 13, 2011, Defendant failed to disclose Defendant's true corporate or business name to Plaintiff.

30. In its call of July 13, 2011, Defendant further failed to notify Plaintiff that the communication was from a debt collector.

31. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and/or emotional distress.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692c(c)

32. Plaintiff repeats and re-alleges each and every allegation contained above.

33. Defendant violated 15 U.S.C. § 1692c(c) by communicating with Plaintiff after having received a letter from Plaintiff with a request to cease and desist all collection contacts or a statement that Plaintiff refuses to pay the debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692c(c);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692d(6)

34. Plaintiff repeats and re-alleges each and every allegation contained above.

35. Defendant violated 15 U.S.C. § 1692d(6) by failing to disclose Defendant's true corporate or business name in a telephone call to Plaintiff. *See Langdon v. Credit Management, LP*, 2010 WL 3341860 (N.D.Cal. 2010) (where

defendant calls plaintiff and hangs up the phone, common sense dictates that defendant has not provided meaningful disclosure).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d(6);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(11)

36. Plaintiff repeats and re-alleges each and every allegation contained above.

37. Defendant violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

 b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

 c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

 d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

 e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

 f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF TEX FIN CODE § 392.304(a)(19)

38. Plaintiff repeats and re-alleges each and every allegation above.

39. Defendant violated Tex Fin Code § 392.304(a)(19) by using false representations or deceptive means to collect a debt or obtain information concerning a consumer.

40. WHEREFORE, Plaintiff prays for relief and judgment, as follows:

 a) Adjudging that Defendant violated Tex Fin Code § 392.304(a)(19);

 b) Awarding Plaintiff statutory damages pursuant to the TDCPA;

 c) Awarding Plaintiff injunctive relief, pursuant to the TDCPA;

 d) Awarding Plaintiff actual damages pursuant to the TDCPA;

e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

g) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF TEX FIN CODE § 392.304(a)(5)(B)

41. Plaintiff repeats and re-alleges each and every allegation above.

42. Defendant violated Tex. Fin. Code § 392.304(a)(5)(B) by failing to disclose, except in a formal pleading made in connection with a legal action, that the communication is from a debt collector, where such communication was a written or oral communication between Defendant and Plaintiff subsequent to the initial communication.

43. WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated Tex. Fin. Code § 392.304(a)(5)(B);

b) Awarding Plaintiff statutory damages pursuant to the TDCPA;

c) Awarding Plaintiff injunctive relief, pursuant to the TDCPA;

d) Awarding Plaintiff actual damages pursuant to the TDCPA;

e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

g) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)

44. Plaintiff repeats and re-alleges each and every allegation above.

45. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly utilizing an automatic telephone dialing system to make and/or place a telephone call to Plaintiff's cellular telephone number.

46. Defendant violated 47 U.S.C. 227(b)(1)(A)(iii) by placing non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

c) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

## COUNT VII—DTPA

47. Plaintiff repeats and re-alleges each and every allegation by reference herein all prior paragraphs above.

48. A violation of the Texas Debt Collection Practices Act is a deceptive trade practice under the Texas Deceptive Trade Practices Act, and is actionable under the Texas Deceptive Trade Practices Act. Tex. Fin. Code. Ann. § 392.404(a)

49. Defendant violated Tex. Bus. Com. Code § 17.50(h).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the Texas Deceptive Trade Practices Act, Tex. Bus. Com. Code, Chapter 17, Subchapter E.

b) Awarding Plaintiff actual damages, pursuant to Tex. Bus. Com. Code § 17.50(h);

c) Awarding Plaintiff three times actual damages, pursuant to Tex. Bus. Com. Code § 17.50(h).

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

50. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted,

By: /s/ Dennis R. Kurz
Dennis R. Kurz
Texas State Bar # 24068183
Southern District Bar No. 1045205
Attorney in Charge for Plaintiff

WEISBERG & MEYERS, L.L.C.
Two Allen Center
1200 Smith Street
16th Floor
Houston, TX 77002
(888) 595-9111 ext. 412
(866) 565-1327 (fax)